# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN WATERLOO DIVISION

| | |
|---|---|
| JAMES HAROLD SMITH, | |
| Petitioner, | No. C07-2070-MWB |
| vs. | **REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS** |
| JOHN AULT, | |
| Respondent. | |

This matter is before the court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed on October 16, 2007, by the petitioner James Harold Smith. *See* Doc. No. 1. Smith filed three supplements to his petition, on October 17 and 19, 2007. *See* Doc. Nos. 4, 5, & 6. On November 28, 2007, the court appointed counsel to represent Smith in this matter. Doc. No. 13. The respondent John Ault filed a response to the petition on February 2, 2008. Doc. No. 18. Smith filed a brief supporting his petition on July 3, 2008. Doc. No. 27. Ault filed a responsive brief on July 11, 2008. Doc. No. 28. On July 24, 2008, the Honorable Mark W. Bennett referred the case to the undersigned for a review of the record, the conduct of any necessary hearings, and the preparation of a report and recommended disposition of Smith's petition. The matter is ready for decision, and the court turns to a review and discussion of Smith's petition.

## *FACTUAL AND PROCEDURAL BACKGROUND*

The underlying facts are not in dispute. On February 7, 2003, Smith was sentenced in Black Hawk County, Iowa, to a prison term for a third-offense OWI. The court ordered Smith to surrender himself to the Black Hawk County Sheriff immediately following the sentencing hearing to begin serving his term of imprisonment. The court then addressed Smith's counsel, stating, "Mr. Fiester, I'll ask that you surrender your client to the Black

Hawk County Sheriff and inform the sheriff that the order will be coming forthwith." Mr. Fiester responded, "We'll walk over." *State v Smith*, 690 N.W.2d 75, 76 (Iowa 2004) (*Smith I*).

Smith and his attorney left the courtroom, and Smith made several phone calls from a pay phone in the courthouse. After a few minutes, Mr. Fiester realized he was scheduled to be in court on another matter. He asked a court attendant to call a deputy sheriff to escort Smith to the jail, and then he left for his other hearing. "Once alone, Smith fled the courthouse and did not return." *Id*. On February 14, 2003, a warrant was issued for Smith's arrest, and a contempt action was initiated against him based on his failure to surrender himself into custody as ordered. Smith was arrested on the warrant on February 23, 2003. On March 3, 2003, Smith was charged with escape, in violation of Iowa Code section 719.4(1).[1] On March 14, 2003, Smith entered a plea of not guilty to the escape charge. On June 4, 2003, the trial information was amended to charge Smith as an habitual offender on the basis of his prior felony convictions.

On May 13, 2003, following a hearing, the court found Smith in contempt for failing to surrender himself and begin his sentence as ordered. He was sentenced to time served of seventy-nine days on the contempt, and the court ordered that the seventy-nine days would not be credited to Smith's sentence on the OWI charges.

Smith's case on the escape charge was tried to the court on June 25, 2003. At trial, Smith's attorney argued Smith's prosecution on the escape charge constituted double jeopardy because Smith already had been found guilty of contempt for the escape, and he had served a seventy-nine-day sentence on the charge. The trial court found Smith had waived the double jeopardy issue by failing to raise the argument in a pretrial motion. The

---

[1] "A person convicted of a felony or charged with or arrested for the commission of a felony, who intentionally escapes, or attempts to escape, from a detention facility, community-based correctional facility, or institution to which the person has been committed by reason of the conviction, charge, or arrest, or from the custody of any public officer, public employee, or any other person to whom the person has been entrusted, commits a class "D" felony." Iowa Code § 719.4(1).

2

trial court nevertheless went ahead and addressed Smith's double jeopardy argument on the merits, holding as follows:

> [E]ven if the defendant had raised this issue in a procedurally appropriate manner, the court finds and concludes that defendant's prosecution for Escape following the contempt proceedings is not barred by double jeopardy.
>
> In determining whether the defendant faces a successive prosecution for the same offense, the court must consider the elements of the offenses charged. The essence of a double jeopardy claim is successive prosecution or punishment for the same offense. For the defendant to be adjudged guilty of contempt, the defendant must have willfully disobeyed a court order. The defendant must have had knowledge of the court's order, and proceeded to willfully disobey the terms of that order. The elements of Escape are much different. . . . Contempt is not a lesser include[d] offense of Escape. See, e.g., State v. Beecher, 616 N.W.2d 532 (Iowa 2000) and State v. Sharkey, 574 N.W.2d 6 (Iowa 1997). Contempt charges do not bar successive prosecutions for other criminal offenses so long as the contempt is not a lesser included offense of the prosecuted criminal charge.
>
> Further, it appears that the Iowa Legislature has contemplated the situation presented in this case. [Iowa Code] Section 811.2(8) provides that a person who fails to appear for court after having been released on bond may be prosecuted for felony failure to appear without limiting the power of the court to punish for contempt. Perhaps the Legislature envisioned the situation presented in this case. The Legislature clearly did not intend to usurp or limit the court's own authority to ensure compliance with court's orders. The Legislature likely also recognized the fact that courts often initiate contempt proceedings without consultation with the state. It would be inappropriate to prohibit a felony prosecution simply because a court acted on its own to see that its own order was carried out.
>
> The court concludes that defendant's double jeopardy claim must fail procedurally and substantively.

*State v. Smith*, No. FECR112525, Order dated Sept. 24, 2003, at 4-5; Doc. No. 28-2, pp.6-7.[2]

Smith appealed his conviction on the escape charge, but he did not renew his double jeopardy argument. Instead he argued "the evidence was insufficient to support a finding of escape under section 719.4(1), and the sentencing court in the OWI offense abused its discretion by requesting the defendant's attorney to escort the defendant to the sheriff's office." *Smith I*, 690 N.W.2d at 76; *see* Doc. No. 27 at 4. The Iowa Supreme Court rejected both arguments and affirmed Smith's conviction. *Id*.

Smith filed an application for postconviction relief, reasserting the two grounds for relief he had raised in his direct appeal, and also reasserting his argument that his conviction on the escape charge constituted double jeopardy.[3] The postconviction court followed reasoning identical to that of the trial court in rejecting Smith's double jeopardy claim. *See* Doc. No. 28-2, pp. 3-5. The PCR court explained the elements of the two offenses – contempt and escape – as follows:

> The United States Supreme Court has determined that the elements of contempt are "knowledge of the court's order coupled with a deliberate violation." U.S. v. Dickson [sic], 509 U.S. 688, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993). The elements of the offense of escape are: (1) the defendant is a person convicted of a felony; (2) who intentionally escapes; and (3) from the custody of any public officer or employee to whom the person has been entrusted. State v. Wagner, 596 N.W.2d 83 (Iowa 1999).

*Id.*, p. 16 ¶ 6. The postconviction trial court denied the application on January 10, 2006.

---

[2]Page references are to the court's ECF system pagination.

[3]Although referenced in both parties' briefs, *see* Doc. No. 27 at 4-5 *and* Doc. No. 28 at 10-11, Smith's application for postconviction relief does not appear in the record. *See* Doc. No. 22, Respondent's Supplemental Submission of State Court Documents, ¶ 3, "PCR Action," under which appears the notation "[none as yet]." Because the court does not have the actual application for postconviction relief, it is unclear whether Smith raised the double jeopardy argument on its own, or in the context of an ineffective assistance of counsel claim.

4

Smith appealed the denial of postconviction relief. His postconviction appellate attorney moved to withdraw on the basis that he could find no non-frivolous issues to present on appeal. *See* Iowa R. App. P. 6.104; *see also Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 13 L. Ed. 2d 493 (1967).[4] Smith did not file a response to his attorney's motion to withdraw, and on April 17, 2007, the Iowa Supreme Court granted the motion and dismissed Smith's appeal as frivolous. *See* Doc. No. 28-2, p. 19.

## *DISCUSSION*

On October 16, 2007, Smith filed his petition for writ of habeas corpus in this court. In his petition, Smith raises his double jeopardy argument as the single basis for relief, arguing he was convicted twice for the same crime. Doc. No. 1; *see also* Doc. No. 27. The court appointed counsel to represent Smith in this case, and Smith's counsel reframed Smith's claim as one for ineffective assistance of counsel. Specifically, Smith now argues his trial counsel was ineffective in failing to file a pretrial motion raising the double jeopardy issue. He further argues his appellate counsel was ineffective in failing to raise the issue of trial counsel's ineffectiveness. Doc. No. 27.

The respondent argues Smith waived these issues by failing to resist the motion of his PCR appellate counsel to withdraw. The respondent relies on Iowa case law that holds the failure to resist a motion to withdraw pursuant to Iowa Rule of Appellate Procedure 6.104 "'transforms counsel's decision not to raise grounds on direct appeal into the decision of the applicant.'" Doc. No. 28, p. 12 (quoting *Bugley v. State*, 596 N.W.2d

---

[4]*Anders* stands for the proposition that when counsel finds a defendant's case "to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." 386 U.S. at 744, 87 S. Ct. at 1400. The defendant may respond, and then if the court, on its own review of the record, agrees the case is wholly frivolous, the court may grant the motion to withdraw and dismiss the case. If, on the other hand, the court finds any of the claims not to be frivolous, then the court must provide the assistance of counsel to argue the case. *Id.*

5

893, 896 (Iowa 1999); and citing *Berryhill v. State*, 603 N.W.2d 243 (Iowa 1999); *Bledsoe v. State*, 257 N.W.2d 32, 33-34 (Iowa 1977); *Ailes v. State*, 574 N.W.2d 353 (Iowa Ct. App. 1997); and *State v. Spratt*, 315 N.W.2d 844, 846-47 (Iowa Ct. App. 1981)).

The respondent further argues that because of Smith's failure to resist his PCR appellate attorney's motion to withdraw, the Iowa Supreme Court never had the opportunity to rule on Smith's double jeopardy argument. As such, the respondent argues the "look through" doctrine applies, and this court should, therefore, look to the written opinion of the trial court that rejected Smith's double jeopardy claim on both procedural and substantive grounds. *Id.*, p. 13 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594, 115 L. Ed. 2d 706 (1991); *Winfield v. Roper*, 460 F.3d 1026, 1037 (8th Cir. 2006)).

This court does not need to engage in an analysis of the look-through doctrine or of the respondent's waiver argument to resolve Smith's claims. His ineffective assistance of counsel claims can be resolved most easily by addressing their merits.[5]

In order to prevail on his application, Smith must show the state court's adjudication of his claim either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The well-settled Supreme Court precedent in claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), which requires the petitioner to show not only that his counsel's performance was

---

[5]It appears Smith's claims of ineffective assistance of counsel may be procedurally defaulted, based on the parties' characterizations of the claims Smith raised in his application for postconviction relief. However, the respondent has not argued procedural default, and because the court does not have the PCR application for reference, the court will address the merits of Smith's claim.

6

inadequate, but that he was prejudiced by the deficient performance. However, it is not necessary to address the performance and prejudice prongs in any particular order, nor must both prongs be addressed if the district court determines the petitioner has failed to meet one prong. *Id.*, 466 U.S. at 697, 104 S. Ct. at 2069. Indeed, the *Strickland* Court noted that "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *Tokar v. Bowersox*, 198 F.3d 1039, 1046 (8th Cir. 1999) (citing *Strickland*).

In the present case, Smith's claims are resolved most easily by addressing the prejudice prong of *Strickland*. Simply stated, Smith cannot show he was prejudiced by either his trial counsel's failure to raise the double jeopardy argument in a pretrial motion, or by his appellate counsel's failure to raise the issue of trial counsel's ineffectiveness. As the trial court held, even if Smith had raised the issue properly prior to trial, he would not have prevailed.

The wisdom of Justice Stevens in his concurring opinion in *Hudson v. United States*, 522 U.S. 93, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997), is directly on point here. Indeed, Justice Stevens could have been writing about the present case when he stated as follows:

> [T]his is an extremely easy case. It has been settled since the decision in *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), that the Double Jeopardy Clause is not implicated simply because a criminal charge involves "essentially the same conduct" for which a defendant has previously been punished. *See, e.g., United States v. Dixon*, 509 U.S. 688, 696, 704, 113 S. Ct. 2849, 2860, 125 L. Ed. 2d 556 (1993); *Rutledge v. United States*, 517 U.S. 292, 297[, 116 S. Ct. 1241, 1245, 134 L. Ed. 2d 419 (1996). Unless a second proceeding involves the "same offense" as the first, there is no double jeopardy. The two proceedings at issue here involved different offenses that were not even arguably the same under *Blockburger*.
>
> Under *Blockburger's* "same-elements" test, two provisions are not the "same offense" if each contains an element

7

> not included in the other. *Dixon*, 509 U.S., at 696, 113 S.
> Ct., at 2855-2856. . . . I think it would be difficult to find a
> case raising a double jeopardy claim that would be any easier
> to decide than this one.

*Hudson*, 522 U.S. at 107-08, 118 S. Ct. at 497 (Stevens, J., concurring). *See also State v. Sharkey*, 574 N.W.2d 6 (Iowa 1997) (applying *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932*)*).

The elements of the crime of contempt under Iowa law are willful disobedience of a court order, where the defendant knows of the order and is aware of its terms. *Ervin v. Iowa Dist. Court for Webster County*, 495 N.W.2d 742, 744-45 (Iowa 1993); *see* PCR court's order in *Smith v. Iowa*, No. PCCV095190 (Black Hawk County, Jan. 10, 2006), Doc. No. 28-2, p. 16 ("The United States Supreme Court has determined that the elements of contempt are 'knowledge of the court's order coupled with a deliberate violation.' U.S. v. Dickson [sic], 509 U .S. 688, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993).").

The elements of the crime of escape with which Smith was charged under Iowa law are: (1) conviction of or charge with or arrest for the commission of a felony; and (2) intentional escape or attempt to escape from, in relevant part, "the custody of any public officer, public employee, or any other person to whom the person has been entrusted[.]" Iowa Code § 719.4(1).

Each of these crimes requires proof of elements the other does not. As a result, Smith's prosecution on both charges did not violate the Double Jeopardy Clause. Because Smith could not have prevailed on his double jeopardy claim even if it had been asserted timely by his trial counsel, he was not prejudiced by his counsel's failure to assert the claim or by his appellate counsel's failure to raise the issue of trial counsel's ineffectiveness. He has failed to show the state court's adjudication of this claim was contrary to or unreasonably applied the applicable Supreme Court precedent, or that the

decision was based on an unreasonable determination of the facts in light of the evidence. Smith's petition for writ of habeas corpus should be denied.

*CONCLUSION*

For the reasons discussed above, **IT IS RESPECTFULLY RECOMMENDED**, unless any party files objections[6] to the Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1)(C) and Fed. R. Civ. P. 72(b), within ten (10) days of the service of a copy of this Report and Recommendation, that Smith's petition for writ of habeas corpus be denied.

**IT IS SO ORDERED.**

**DATED** this 29th day of January, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[6]Objections must specify the parts of the report and recommendation to which objections are made. Objections must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).